**FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ALLA GRANOVSKY, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civ. No. 08-2280 (WHW) |
| | : | |
| PFIZER, INC., KFORCE, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**Walls, Senior District Judge**

Plaintiff moves to remand this action to the Superior Court of New Jersey, Law Division, Bergen County. She argues that Defendant Pfizer, Inc. improperly removed it from state court in violation of the requirements of 28 U.S.C. § 1446(a) and (b).

**FACTS AND PROCEDURAL BACKGROUND**

I. **Underlying Dispute**

The following is a brief summary of the underlying dispute as alleged by plaintiff: Granovsky had been employed by Pfizer in New Jersey for a number of years as an analytical chemist. She reported to and worked under the control of Pfizer management, but was employed by Pfizer through Kforce, a staffing company.[1]

In 2004, Granovsky filed an EEO complaint with Pfizer and Kforce alleging that the conduct of her immediate Pfizer supervisor, following the end of a romantic relationship with plaintiff, had created a sexually hostile work environment. (Compl. at ¶¶ 11-44). The 2004

---

[1]Defendant Kforce Flexible Solutions, LLC notes in its opposition brief that it has been improperly pled as Kforce, Inc. (Kforce Br. at 1).

FOR PUBLICATION

complaint was ostensibly resolved when Granovsky accepted reassignment to another work group reporting to another Pfizer supervisor. (Compl. at ¶ 15). However, as a result of the former supervisor's past and continuing conduct and ongoing hostility of Pfizer management attributable to her having filed an EEO complaint, Granovsky's personal and professional reputation in the workplace suffered. She alleges that she was denied assignments and employment opportunities within Pfizer as a result of this hostile treatment. (Compl. at ¶¶ 17-19). Pfizer and Kforce terminated Granovsky on April 7, 2006 without stating a reason. (Compl. at ¶ 21).

On April 1, 2008, Granovsky filed her state law complaint in the Superior Court of New Jersey, Law Division, Bergen County. See Alla Granovsky v. Pfizer, Inc. and Kforce, Inc., Civil Action No. L-2546-08. Granovsky's state law complaint against Pfizer and Kforce seeks redress for the retaliatory, discriminatory and wrongful termination of her employment. The six count complaint pleads claims of sex discrimination, retaliation, blacklisting and aiding and abetting under the New Jersey Law Against Discrimination (LAD) (Compl., Counts I, II, III and IV); tortious interference under New Jersey law (Compl., Count V) and violation of New Jersey public policy (Compl., Count VI).

II. **Procedural History**

The following procedural history is undisputed unless otherwise stated. On April 8, 2008, Granovsky served both Pfizer and Kforce with a summons, the filed complaint, civil case information statement, and New Jersey Superior Court Track Assignment Notice via certified mail pursuant to New Jersey Superior Court Civil Practice Rule 4:4-4(c). (Pl.'s Exs. 1, 2, 3, 4, 5,

**FOR PUBLICATION**

6, and 7). The service upon each defendant was accompanied by an April 8, 2008 transmittal letter addressed to their respective chief executive officers. The letters informed Pfizer and Kforce that they were each being served pursuant to R. 4:4-4(c). (Pl's Exs. 2 and 6).

According to plaintiff, Pfizer and Kforce each received the certified mail service authorized under R. 4:4-4(c), including the summons and complaint, on April 10, 2008. (Pl's Exs. 8, 9 and 10). Pfizer disputes this date and states in its supporting affidavit that the summons and complaint were received on April 14, 2008. (Arencibia Aff. at ¶ 4). This factual dispute is ultimately insignificant since Pfizer's May 8, 2008 notice of removal was within 30 days of either the April 10 or April 14 receipt date.

On May 8, 2008, Pfizer filed its notice of removal, including copies of the process served upon it, but not the process served upon Kforce. (Pl.'s Ex. 10). Pfizer's notice of removal represented that "Kforce's counsel, Marvin L. Weinberg, Esq. of Fox Rothschild LLP, advised that Kforce consents to the removal of this matter." (Pl.'s Ex. 10 at ¶ 4). However, at the time Pfizer filed its notice of removal, neither Pfizer nor Kforce had filed any other writing or evidence from Kforce to establish Kforce's consent to the removal.

Pfizer's notice of removal stated that both it and Kforce had been served with a summons and complaint and that Pfizer had "affected [sic] removal within thirty (30) days of service upon it and Kforce of a paper from which it could first be ascertained that this action is removable." (Pl.'s Ex. 10 at ¶¶ 1, 2, 3, and 5). The notice contained a footnote stating, "We note neither Defendant was properly served with the summons and complaint." (Pl.'s Ex. 10 at n.1).

FOR PUBLICATION

Pfizer's notice of removal is premised on diversity jurisdiction under 28 U.S.C. § 1332.

(Pl.'s Ex. 10 at ¶ 8). Granovsky's counsel received Pfizer's removal papers on May 9, 2008.

(Hermann Aff. at ¶ 6). On May 14, 2008, Kforce entered an appearance and moved for

additional time to answer. (Hermann Aff. at ¶ 10). On May 15, 2008, Granovsky's counsel wrote

to counsel for Pfizer and Kforce. (Pl.'s Ex. 12). The letter advised:

> "It appears the case has not been properly removed from state court in accordance with
> the requirements of 28 U.S.C. §1446(a) and (b) within the statutorily permitted 30 day
> time period following defendants' receipt of the state court complaint. More specifically,
> the rule of unanimity was not met. Pfizer cannot speak for Kforce in filing a notice of
> removal. Since Kforce did not sign the removal petition or otherwise file a consent to
> removal within the provided time period, remand to state court is appropriate." (Id.)

The letter further informed Pfizer and Kforce that unless the parties could agree to a consent

order remanding the case, Granovsky intended to file a motion to remand.

On May 16, 2008, Pfizer's counsel responded with a letter citing Murphy Brothers, Inc.

v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) to

plaintiff's lawyer arguing that "since formal service has not occurred the thirty day removal

period has not even begun to run." (Pl.'s Ex. 13). The letter further stated that Pfizer's notice of

removal "represented that counsel for Kforce consented to the removal of this matter. Such a

representation is sufficient for removal purposes. There is no requirement that Kforce sign the

removal petition or otherwise file a consent to the removal." (Id.).

On May 23, 2008, Granovsky's counsel answered Pfizer's counsel's May 16, 2008

letter, disputing assertions therein; citing Michaels v. State of New Jersey, 955 F. Supp. 315, 321

(D.N.J. 1996) and other authority requiring that each defendant either formally join in the notice

of removal or provide unambiguous written evidence to the Court in a timely fashion; and

FOR PUBLICATION

advising that Granovsky would proceed with a motion to remand. (Pl.'s Ex. 14). The letter

noted: "Pfizer's removal papers were signed pursuant to Rule 11 and filed with the federal and

state courts. The papers represent (1) that Pfizer and Kforce had both been served with a

summons and the state court complaint and (2) that Pfizer 'has affected [sic] removal within

thirty (30) days of service upon it and Kforce of a paper from which it could first be ascertained

that this action is removable.' Pfizer and Kforce have appeared after being served with a

summons and complaint under New Jersey Court Rule 4:4-4(c). Accordingly, there does not

appear to be a valid basis at this point to argue that the authorized service which both received

on April 10, 2008, was not effective to start the 30 day time period in which to properly

effectuate removal in accordance with the requirements of 28 U.S.C. § 1446(a) and (b)." (Id.).

On May 28, 2008, Kforce's counsel filed with the Court a "Declaration of Consent" as

permitted by 28 U.S.C. § 1446(b). (Pl.'s Ex. 15). The declaration states that Kforce received the

summons and complaint on April 10, 2008; that Kforce's counsel had been contacted by Pfizer's

counsel before Pfizer filed its notice of removal and had been advised that Pfizer was removing

the matter; that Kforce's counsel advised Pfizer "that although Kforce had not been properly

served at that time, Kforce consented to the removal of this matter"; that on May 14, 2008,

Kforce's counsel entered their appearance and filed a clerk's order extending Kforce's time to

answer; that by filing the notice of appearance and clerk's order, "Kforce effectively waived

proper service on May 14, 2008"; and that "Kforce reiterates its consent to the removal petition

filed by Pfizer on May 8, 2008." Plaintiff now requests remand due to lack of unanimous consent

FOR PUBLICATION

to removal because Kforce's May 28, 2008 "Declaration of Consent" was not made within 30 days of the receipt of the summons and complaint.

## STANDARDS

### I. **Burden of Proof on Motion to Remand**

28 U.S.C. § 1447(c) mandates that "if at any time before final judgment it appears that a case is removed from state court improvidently and without jurisdiction, the district court shall remand the case. 28 U.S.C. §§ 1441-1452 are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987); see also Entrekin v. Fisher Scientific Inc., 146 F. Supp. 2d 594, 604 (D.N.J. 2001). A party seeking to remove bears the burden of proving that it has met the requirements for removal. Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP., 295 F. Supp. 2d 457, 461-462 (D.N.J. 2003).

Ruling on whether an action should be remanded to the state court from which it was removed, a district court must focus on the plaintiff's complaint at the time the petition for removal was filed. See Id. It remains the defendant's burden to show the existence and continuance of federal jurisdiction. See Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985); see also 14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3739.

### II. **Removal and Remand**

A. Federal Removal Jurisdiction

FOR PUBLICATION

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Id. Additionally, § 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." Id.

The "receipt rule" of 28 U.S.C. § 1446(b) requires that a defendant file a notice of removal within thirty days of receipt of a copy of the initial pleading if the defendant was not personally served a summons. Proper service of process, or a valid waiver, is required for the thirty day clock to begin to run on removal rights. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).

B. Consent of Other Defendants

The right to remove a case from state to federal court is vested exclusively in "the defendant or defendants." 28 U.S.C. § 1441(a). "Section 1446(a) of 28 U.S.C. requires that '[a] defendant or defendants desiring to remove any civil action . . . shall file . . . a notice of removal'." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). Despite the ambiguity of the term "defendant or defendants", it is well established that removal generally requires unanimity among the defendants. See, e.g., Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247, 20 S. Ct. 854, 44 L. Ed. 1055 (1900) ("if a suit arises under the Constitution or laws of the United States, or if it is a suit between citizens of different states, the defendant, if

FOR PUBLICATION

there be but one, may remove, or the defendants, if there be more than one. . ..”); <u>Lewis v. Rego Co.</u>, 757 F.2d 66, 68 (3d Cir. 1985) (“Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition”).

The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined. <u>See</u> <u>McManus v. Glassman's Wynnefield, Inc.</u>, 710 F. Supp. 1043, 1045, n.5 (E.D. Pa. 1989) (citing <u>Fellhauer v. City of Geneva</u>, 673 F. Supp. 1445, 1447 n.4 (N.D. Ill. 1987). Another exception is when a non-resident defendant has not been served at the time the removing defendants filed their petition. <u>See</u> <u>Lewis</u>, 757 F.2d at 69.

Failure of all defendants to join is a “defect in removal procedure” within the meaning of § 1447(c), but is not deemed to be jurisdictional. <u>See</u> <u>Balazik</u>, 44 F.3d 209 (referencing <u>Johnson v. Helmerich & Payne, Inc.</u>, 892 F.2d 422, 423 (5th Cir. 1990) (the “failure to join all the defendants in a removal petition is not a jurisdictional defect”); <u>In re Amoco Petroleum Additives Co.</u>, 964 F.2d 706, 713 (7th Cir. 1992); <u>McGlinchey v. Hartford Accident and Indem. Co.</u>, 866 F.2d 651, 653 (3d Cir. 1989)).

## DISCUSSION

Although plaintiff's initial and reply brief discuss myriad reasons why it is both proper and equitable to remand this action the central question in considering plaintiff's remand request is: Was defendant Pfizer, Inc. required to obtain the concurring consent of defendant Kforce, Inc. to perfect removal? And if so, did Kforce's May 28 notice of consent satisfy this unanimity requirement?

FOR PUBLICATION

To answer those questions the Court must resolve others: Does New Jersey Superior Court Civil Practice Rule 4:4-4(c), which permits service by the mailing of a summons and a copy of the complaint, apply to these two out-of-state defendants in this case? If defendants may be served under 4:4-4(c), is the delivery of the summons and complaint to defendants all that is required to begin the 30 day removal countdown? And finally, if delivery of the complaint and summons was sufficient to start the removal clock, did Pfizer's notice of removal require the consent of Kforce to be effective under federal procedure?

I. **Application of 4:4-4(c) to Out-Of-State Defendants**

To determine the validity of service before removal, a federal court must apply the law of the state under which the service was made. Allen v. Ferguson, 791 F.2d 611, 616 n.8 (7th Cir. 1986). Both Pfizer and KFORCE were served under New Jersey R. 4:4-4(c):

> Optional Mailed Service. Where personal service is required to be made pursuant to paragraph (a) of this rule, service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto, and provided further that default shall not be entered against a defendant who fails to answer or appear in response thereto. This prohibition against entry of default shall not apply to mailed service authorized by any other provision of these rules. If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by this rule, and the time prescribe by R. 4:4-1 for issuance of the summons shall then begin to run anew.

State and federal courts have recognized that R. 4:4-4(c) is an authorized, permissible form of service under New Jersey law and effective for obtaining personal

FOR PUBLICATION

jurisdiction over a defendant who appears, answers or otherwise responds to the service. See,

e.g., Signs By Tomorrow v. G.W. Engel Company, 2006 U.S. Dist. LEXIS 56456, *11-12

(D.N.J. Aug. 1, 2006); Citibank v. Russo, 334 N.J. Super. 346, 351-352 (App. Div. 2000).

Defendants argue that mailed service under 4:4-4(c) is limited to in-state defendants and

does not apply to them as out-of-state corporations. Defendants' argument is bolstered by the

comment to R. 4:4-4 that "[p]aragraph (c) provides for optional service by mail on defendants

present within the State." N.J. Ct. R. 4:4-4; see also Ingersoll-Rand Co. v. Barnett, 2005 U.S.

Dist. LEXIS 20026, *11, n.1 (D.N.J. Aug. 19, 2005) (noting that R. 4:4-4(c) is inapplicable to a

non-resident defendant because "paragraph (c) applied only where personal service is required to

be made within New Jersey under paragraph (a)"). Defendants' reading of 4:4-4(c) is, however,

too narrow as the rule itself does not limit a court's jurisdiction to defendants who are citizens of

New Jersey. As Judge Pressler, a recognized authority on New Jersey court rules and procedure,

explained in Citibank v. Estate of John A. Simpson, 290 N.J. Super. 519, 529 (App. Div. 1996):

> R.4:4-4 does not undertake to define jurisdictional limits. It is rather a mechanical
> rule that merely prescribes the method of acquiring jurisdiction when
> constitutional principles of due process of law–not the rule–permit assertion of
> jurisdiction. That is plain from the structure of the rule as amended effective
> September 1994. Thus, paragraph a of the revised rule addresses the manner of
> personal service on individuals and entities who have a territorial presence in this
> State, that is, those who are subject to the States's exercise of in personam
> jurisdiction on the fundamental predicate of their being here. That predicate alone
> satisfies due process requirements, and no further inquiry need be undertaken.
> Paragraph (b) of the revised rule addresses the mechanics by which in personam
> jurisdiction may be obtained by constructive or substituted services over those
> individuals and entities who are not present in the state but who, as a matter of
> due process of law, are subject to the exercise of its long arm jurisdiction. The
> rule prescribes how they shall be served. Constitutional principles determine
> whether that service is effective for obtaining jurisdiction. The rule's express

-10-

**FOR PUBLICATION**

> caveat in respect of long arm jurisdiction has always been the consistency of its
> exercise with due process, a caveat now spelled out in R. 4:4-4(b)(1).[1]
> [1]. Paragraph (c) of the revised rule, not relevant here, provides for optional
> mailed service, effective only if an answer is filed and served within sixty days.

It is the constitutional limits of due process, and not R. 4:4-4(c), that define which persons may be served by the optional mailed service method. See also Zacharias v. Whatman, 345 N.J. Super. 218, 225 (App. Div. 2001) (Judge Pressler) (upholding use of R. 4:4-4(c) to serve foreign corporations and individuals, stating, "[t]hat service complied with the optional mail service alternative for serving initial process afforded by R. 4:4-4(c)").

Personal jurisdiction can be specific or general in nature. See Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001). For specific jurisdiction, the cause of action must arise from the defendant's activities in the state. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). General jurisdiction may exist where the cause of action does not arise out of and is not related to the defendant's contacts with the state, see id. at 414 n.9, but to prove general jurisdiction, the plaintiff must show that the defendant's contacts with the forum are "continuous and systematic." Id. at 416; accord Provident Nat'l Bank, 819 F.2d at 437. The contacts must also be a central part of the defendant's business. See Provident Nat'l Bank, 819 F.2d at 437-38. Further, as noted, the federal court will lack jurisdiction if personal jurisdiction does not comport with "fair play and substantial justice." BP Chem. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 260 (3d Cir. 2000). It is undisputed that both defendants conduct business within the state of New Jersey. It is also undisputed that Granovsky's hostile workplace claims arise from her employment by Kforce in New Jersey and her work at Pfizer's offices in New Jersey. These extensive contacts are sufficient to establish

**FOR PUBLICATION**

both specific and general jurisdiction over the defendants to make them "present within the State" as required by R. 4:4-4(c).

The Court now determines when plaintiff's service under R. 4:4-4(c) triggered the 30 day removal countdown.

II. **Effective Service Under R. 4:4-4(c)**

Plaintiff argues that the receipt of the summons and complaint by defendants was sufficient to trigger the 30 day removal countdown and that since Kforce did not consent to Pfizer's notice of removal within those 30 days the removal is ineffective. Plaintiff directs the court to <u>Murphy Brothers v. Michetti Pipe Stringing</u>, 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999), where the Supreme Court held that faxing a defendant a "courtesy copy" of a complaint alone was not itself sufficient to trigger the time for removal. Rather, the Supreme Court found that the time for removal commenced when "[the plaintiff] officially served [the defendant] under local law by certified mail." <u>Id.</u> at 348. The rule of general applicability established under <u>Murphy Brothers</u> is that a defendant's time to remove "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." <u>Id.</u> at 347-348. The Third Circuit considered a similar issue in <u>Sikirica v. Nationwide Insurance Company</u>, 416 F.3d 214, 220-223 (3d Cir. 2005). There, the Third Circuit applied <u>Murphy Brothers</u> to conclude in a Pennsylvania case that a defendant's receipt of a letter and writ of summons unaccompanied by a complaint was insufficient to trigger the 30 day time period for removal.

-12-

**FOR PUBLICATION**

Under <u>Murphy Brothers</u> and <u>Sikirica,</u> what is required to begin the 30 day removal countdown is the simultaneous receipt of the summons and complaint by a defendant. A plain reading of the Section 1446(b) text which requires that removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," supports the conclusion that receipt of the summons and complaint is sufficient to start the 30 day countdown. The Supreme Court in <u>Murphy Brothers</u> did not disturb this conclusion. It simply clarified that the "initial pleading" should contain the summons and the complaint as required by the relevant state law to qualify as "formal" process. Applying this requirement to R. 4:4-4(c), this Court finds that while service may not have been jurisdictionally "effective" in state court upon Kforce until its May 14, 2008 notice of appearance, the receipt of the complaint and summons on April 10, 2008 established "formal" service required by <u>Murphy Brothers</u>. The receipt of the summons and complaint on April 10, 2008 gave Kforce full notice of plaintiff's claims; such notice was sufficient to trigger Section 1446(b)'s 30 day removal countdown under federal, not state, procedure. That service had not ripened into "effective" service for state in personam jurisdiction is irrelevant to the federal inquiry, as represented by federal case law, did defendants have notice of the state action by summons and complaint?

Having determined that both Pfizer's and Kforce's removal countdown began on April 10, 2008, the Court turns to whether there was timely consent at the time Pfizer filed its notice of removal.

**III. Unanimity Requirement of 28 U.S.C. 1446(a)**

-13-

**FOR PUBLICATION**

Pfizer's May 8, 2008 notice of removal is defective because Pfizer did not obtain Kforce's consent within the 30 day removal period. As discussed, removal under 28 U.S.C. 1446(a) requires the consent of all defendants. See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition"). When Pfizer filed its notice of removal on May 8, 2008 it was required to obtain the concurrent consent of Kforce in order to satisfy Section 1446(a)'s unanimity requirement. See Michaels v. State of New Jersey, 955 F. Supp. 315, 320-322 (D.N.J. 1996) (finding that codefendant which did not sign the notice of removal must itself timely submit a written consent to the Court within the allotted 30 day time period for removal). Kforce did not file such consent until May 28, 2008, more than 30 days after it received the summons and complaint on April 10, 2008. Pfizer's removal is defective. The statement in Pfizer's notice of removal that Kforce had orally consented to the notice of removal cannot cure this failure to timely satisfy Section 1446(a)'s unanimity requirement. See Green v. Target Stores, Inc., 305 F. Supp. 2d 448, 449-450 (E.D. Pa 2004) (finding that one defendant may not speak for another in filing a notice of removal).

IV. **Amount in Controversy**

In addition to their arguments regarding service under R. 4:4-4(c), defendants argue that the 30 day removal period did not start until May 5, 2008 since that was the date that plaintiff confirmed to Pfizer that the amount in controversy exceeded $75,000.00. (Pfizer Br. at 12-14).

In order to determine whether plaintiff's claims would satisfy the amount in controversy requirement for federal jurisdiction, defendants need only focus on the "complaint filed in state

-14-

FOR PUBLICATION

court." <u>Samuel-Basset v. Kia Motors America, Inc.</u>, 357 F.3d 392, 398 (3d. Cir. 2004). While plaintiff's complaint does not quantify the amount of damages sought, it is clear that based upon alleged damages to plaintiff's career and reputation it is more likely than not that damages will exceed $75,000.00 in the event of recovery. The satisfaction of the amount in controversy requirement is even more likely when taking into account punitive damages sought by plaintiff. <u>See</u> <u>Golden ex rel. Golden v. Golden</u>, 382 F.3d 348, 355 (3rd. Cir. 2004) ("Claims for punitive damages may be aggregated with claims for compensatory damages unless the former are patently frivolous and without foundation."); <u>see</u> <u>also</u> N.J.S.A. § 2A:15-5.14(b) (New Jersey law permitting punitive damages up to five times compensatory damages). Attorney's fees are also included for determining the amount in controversy requirement. <u>See</u> <u>Suber v. Chrysler Corp.</u>, 104 F.3d 578, 585 (3d Cir. 1997).

In light of the several means to determine the amount in controversy requirement, defendants' argument that they were unsure of their ability to remove until plaintiff's confirmation of the amount in controversy is unpersuasive. Facially, plaintiff's complaint established that it is more likely than not that the claimed damages would exceed $75,000.00 if plaintiff were successful. Defendants' receipt of that complaint on April 10, 2008 put them on notice that the amount in controversy met or exceeded the jurisdictional amount to support removal.

V. **Attorney's Fees**

Plaintiff requests attorney's fees associated with Pfizer's deficient removal. The removal statute provides that on remand a court "may require payment of just costs and an actual

**FOR PUBLICATION**

expenses, including attorney's fees, incurred as a result of removal." 28. U.S.C. § 1447(c).

Courts typically award attorney's fees where the complaint clearly does not state grounds for

removal to federal court. See, e.g., Ingemi v. Pelino & Lentz, 866 F. Supp. 156, 163 (D.N.J.

1994). However, when the complaint raises issues that require the interpretation of complex

statutes and procedures, an award of attorney's fees is typically not granted. See Conway v.

PECO Energy Co., 1997 U.S. Dist. LEXIS 747 (E.D. Pa. Jan. 28, 1997). Here, defendants'

Notice of Removal was based upon a reasonable, although ultimately faulty, reading of New

Jersey Rule 4:4-4(c) and the Supreme Court's Murphy Brothers opinion. The Court denies

plaintiff's request for attorneys fees.

## CONCLUSION

The receipt of the summons and complaint on April 10, 2008 by both Pfizer and Kforce

was sufficient notice to trigger the 30 day removal countdown under 28 U.S.C. § 1446(a).

Pfizer's May 8, 2008 Notice of Removal was timely filed within this 30 day period. However,

Kforce did not file consent to Kforce's removal until May 28, 2008, well past the May 12, 2008

deadline. Kforce's failure to timely file its consent to Pfizer's Notice of Removal rendered

removal procedurally defective since unanimous consent of all defendants is required under 28

U.S.C. 1446(a). Defendants' asserted inability to determine the amount in controversy until May

5, 2008 does not excuse this untimely consent because it was apparent from the face of plaintiff's

complaint that the amount in controversy would more likely than not satisfy the amount in

controversy requirement. Plaintiff's request for attorneys fees is denied because defendants'

removal was premised on a reasonable reading of the relevant laws and procedural rules.

**FOR PUBLICATION**

**s/ William H. Walls**
United States Senior District Judge

7th day of July, 2009

Appearances:

**ROBERT FREDERICK HERMANN**
HERMANN & BATEMAN
*Counsel for Plaintiff Alla Granovsky*

**JOHN M. NOLAN**
JACKSON LEWIS LLP
*Counsel for Defendant Pfizer, Inc.*

**NICHOLAS J. FALCONE**
FOX ROTHSCHILD LLP
*Counsel for Defendant Kforce, Inc.*